#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF OHIO
#### WESTERN DIVISION

| | | |
|---|---|---|
| Lavell Dabney, | : | Case No. 1:11-CV-2019 |
| Plaintiff | : | |
| v. | : | |
| | : | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | : | **AND ORDER** |
| Defendant | : | |

### I. INTRODUCTION

On December 30, 2011, the parties consented to the jurisdiction of the undersigned Magistrate for any and all further proceedings in this case, including trial and the entry of a final judgment, pursuant to 28 U.S.C. § 636(c)(1) (Docket No. 14). Pending are Plaintiff Lavell Dabney's ("Plaintiff") Motion for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(a) (Docket No. 19) and Commissioner's ("Defendant") Response (Docket No. 20).  For the reasons set forth below, Plaintiff's Motion for Attorney Fees is granted.

### II. PROCEDURAL BACKGROUND

On June 5, 2009, Plaintiff filed a timely application for Disability Insurance Benefits ("DIB"), as well as an application for Supplemental Security Income ("SSI"), alleging a

disability beginning December 10, 2004 (Docket No. 10, pp. 184-201 of 490). Plaintiff's applications were denied initially and upon reconsideration on March 29, 2010 (Docket No. 10, pp. 92-112 of 490). On April 13, 2010, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") (Docket No. 10, pp. 132-33 of 490). This hearing took place on December 6, 2010, before ALJ Andrew M. Emerson ("ALJ Emerson") (Docket No. 10, pp. 32-73 of 490). Plaintiff, represented by counsel Heather Bancheck, appeared and testified (Docket No. 10, pp. 32-63 of 490). A Vocational Expert ("VE") also appeared and testified (Docket No. 10, pp. 63-73 of 490). In a decision dated December 22, 2010, ALJ Emerson concluded Plaintiff was not entitled to either DIB or SSI (Docket No. 10, p. 23 of 490). ALJ Emerson's decision became the final decision of the Defendant when the Appeals Council denied review on July 29, 2011 (Docket No. 10, pp. 6-8 of 490).

Plaintiff filed a timely Complaint seeking judicial review of the Defendant's decision denying benefits under 42 U.S.C. §§ 405(g) and 1383(c)(3) in this Court (Docket No. 1). On September 12, 2012, the undersigned Magistrate issued a Memorandum Opinion and Order affirming the decision of the Defendant with regard to Plaintiff's residual functional capacity, but remanding the case to the Defendant for further proceedings regarding Plaintiff's first issue, whether the ALJ appropriately applied the treating physician rule (Docket No. 17).

Plaintiff's Motion for Attorney Fees was filed pursuant to the Equal Access to Justice Act ("EAJA") (Docket No. 19).

### III. EAJA Standard for Awarding Fees

The EAJA requires, in some situations, payment of fees and expenses to a prevailing party in any action against the United States, or any agency or official thereof. This is true unless

either: (1) the position of the United States, its agency, or official was substantially justified; or (2) special circumstances would make such an award unjust. *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (*quoting Scarborough v. Principi,* 541 U.S. 401, 427 (2004)); *see also* 28 U.S.C. § 2412(d)(1)(A).

According to 28 U.S.C. § 2412(a)(1), a judgment for costs may be awarded to a prevailing party in any civil action brought by or against the United States, or any agency or official thereof. Such costs may include various court and filing fees. 28 U.S.C. § 2412(a)(1)-(2). A prevailing party may also be eligible to receive reasonable expenses and fees of his attorneys. 28 U.S.C. § 2412(b). The United States, or any agency or official thereof, shall be liable for such expenses and fees "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412(b).

Within thirty days of a final judgment, a party seeking an award of fees and expenses shall submit to the court an application for such fees and expenses that shows: (1) the party is a prevailing party; (2) the party is eligible to receive an award under 28 U.S.C.A. § 2412(b); (3) the position of the United States was not substantially justified; and (4) the itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. 28 U.S.C. § 2412(d)(1)(B).

## IV. ANALYSIS

Plaintiff contends: (1) he is a prevailing party; (2) he is eligible to receive EAJA fees; and; (3) the position of the government in denying his DIB and SSI was not substantially

3

justified(4) the record has been properly supplemented with the basis for attorney fee calculations (Docket No. 19). Plaintiff seeks an award of attorney fees totaling $2,375 (Docket No. 19).

Defendant does not object to Plaintiff's Motion for Attorney Fees nor to the specific amount requested (Docket No. 20).

**A.     THE PREVAILING PARTY**

Plaintiff contends he is a prevailing party for purposes of the EAJA requirements because he succeeded in obtaining a remand to the Defendant (Docket No. 19). A Social Security claimant who obtains a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party for purposes of the EAJA. *Olive v. Comm'r of Soc. Sec.*, 534 F.Supp.2d 756, 758 (N.D. Ohio 2008) (*citing Shalala v. Schaefer*, 509 U.S. 292 (1993)).

Here, Plaintiff was awarded a remand order pursuant to sentence four of 42 U.S.C. § 405(g) on September 12, 2012 (Docket No. 17). Defendant does not dispute Plaintiff's prevailing party status (Docket No. 20). Plaintiff is therefore a prevailing party for purposes of the EAJA.

**B.     ELIGIBILITY FOR AN AWARD**

Under prong two of the test set forth in 28 U.S.C. § 2412(d)(1)(B), the moving party must be eligible to receive the award of attorneys' fees and/or expenses. The statute defines "eligible party" as "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

Although not specifically stated, by simply filing his Motion for Attorney Fees, Plaintiff asserts he is an individual whose net worth did not exceed $2,000,000 at the time his civil action

was filed (Docket No. 19). Plaintiff indicated that while he was looking for work, he was unable to keep a job for any significant length of time (Docket No. 10, p. 50 of 490). Plaintiff stated that he has tried more than forty times since 1993 to obtain and keep employment (Docket No. 10, p. 51 of 490). Given these circumstances, it is improbable Plaintiff's net worth exceeded $2,000,000 at the time of filing. Defendant does not contest the issue of Plaintiff's net worth (Docket No. 20). The Magistrate concludes Plaintiff is therefore eligible for the award.

**C.    SUBSTANTIAL JUSTIFICATION**

What determines "substantial justification" is based on a wide variety of factual contexts and legal issues. Essentially, the standard is one of reasonableness, making the pertinent inquiry whether the United States presented a reasonable position based in both law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The government bears the burden of establishing that the position of the United States is substantially justified. *Olive*, 534 F.Supp.2d at 758. To satisfy this burden, the United States must show its position was "substantially justified or that special circumstances make an award unjust." *Id*. The government's position is substantially justified "if it is 'justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person.'" *Id*. (*citing Pierce*, 487 U.S. at 565.

Attorney fees should not be awarded simply because the government lost the case on the merits. *Olive*, 534 F.Supp.2d at 758 (*citing Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987)). A court must be careful to maintain the distinction between a lack of substantial *evidence*, which results in a remand to the Defendant, and a lack of substantial *justification*,

which results in an award of attorney's fees. *Olive*, 534 F.Supp.2d at 758 (emphasis added). The government's position "'can be justified even though it is not correct.'" *Id*. at 759.

Plaintiff alleges Defendant was not substantially justified in its denial of benefits (Docket No. 19, p. 2 of 7). Specifically, Plaintiff claims that the ALJ did not provide "good reasons" for rejecting the opinion of Plaintiff's treating physician (Docket No. 19, pp. 2-3 of 7). Plaintiff states that a failure to provide "good reasons" for rejecting the opinion of his treating physician is tantamount to a procedural violation, even if the administrative decision would otherwise be supported by substantial evidence (Docket No. 19, pp. 2-3 of 7). Plaintiff contends that the ALJ should have applied the factors listed in 20 C. F. R. §§404.1527(c)(2) and 416.927(c)(2) (Docket No. 19, p. 3 of 7). Plaintiff claims that because the ALJ's decision does not include an analysis of these factors, the Defendant's findings and conclusion were neither applicable nor supported by substantial evidence (Docket No. 19, p. 3 of 7). Defendant does not contest Plaintiff's allegations (Docket No. 20). Therefore, this Magistrate finds that the Defendant's findings and conclusions were not substantially justified.

**D.    THE BASIS FOR THE AWARD**

Plaintiff argues he is entitled to attorney fees totaling $2,375 (Docket No. 19). This amount represents an expenditure of nineteen hours by Plaintiff's counsel multiplied by an hourly rate of $125, the current statutory cap for attorneys' fees (Docket No. 19, p. 5 of 7). Defendant does not contest this amount (Docket No. 20).

**1.    COMPENSABLE HOURLY RATE**

Once a court concludes attorney fees should be awarded under the EAJA, the Court must determine if the fee itself is reasonable. 28 U.S.C. § 2412(d)(2)(A). The burden of proof for this

reasonableness determination falls on the party seeking the award. *Copeland v. Marshall*, 641 F.2d 880, 937 (6th Cir. 1980). Counsel for the prevailing party should make a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary from the fee request. *Id*. at 891. "Hours may be cut for duplication, padding or frivolous claims." *Holden v. Bowen*, 668 F.Supp 1042 (N.D. Ohio 1986). The court must identify those hours, beyond the allowances for duplicative services, and articulate the reasons for their elimination from hours of service adequately documented. *Id*. Under the EAJA, "an award of fees for preparation of the fee application is compensable." *See Seymore v. Sec'y of Health & Human Servs.*, 738 F.Supp. 235 (N.D. Ohio 1990).

Upon review of the itemized statement of services provided by Plaintiff's counsel, this Magistrate determines the request for fees is adequately documented. Counsel expended nineteen hours in her representation of Plaintiff (Docket No. 19). Counsel made a good faith effort to be clear and succinct in her pleadings. There is neither padding nor the assertion of frivolous claims. There are no excessive, redundant, or unnecessary hours included in the schedule of services. The Magistrate finds the compensable hours in this case to be nineteen.

   2.   **HOURLY RATES**

According to 28 U.S.C. § 2412(d)(2)(A), the amount of fees awarded shall be based upon prevailing market rates for the kind and quality of services furnished. The EAJA bases attorney fees on the market rate, capping the hourly rate at $125 unless an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The Sixth Circuit has recognized that the EAJA allows for a cost-of-living adjustment. *Bryant v. Commissioner of Social Security,* 578 F.3d 443, 446 (6th Cir. 2009). In requesting an increase in the hourly fee

rate, a plaintiff bears the burden of producing appropriate evidence to support the requested increase. *Id*. (*See Blum v. Stensen,* 465 U. S. 886, 898 (1984). A plaintiff must produce satisfactory evidence in addition to the attorney's own affidavits that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. *Id.* (*citing Blum,* 465 U. S. at 895, n. 11).

Plaintiff neither makes policy arguments nor submits satisfactory evidence for an enhanced hourly rate under the cost of living adjustment or special factors paradigm. *Begley v. Sec'y of HHS,* 966 F2d 196, 200 (6th Cir. 1992). Instead, Plaintiff seeks an award under the current statutory rate of compensation and Defendant does not object to Plaintiff's request. The undersigned Magistrate finds that Plaintiff is entitled to an award of fees based on the hourly rate of $125.

### 3.  TOTAL AWARD

In the present case, Plaintiff did not request costs or other expenses incurred as a result of obtaining the remand; accordingly, the attorney fee award of $2,375 (19 hours x $125 per hour) represents the total award. This award of attorney fees is payable to Plaintiff. *See Astrue v. Ratliff*, 130 S.Ct. 2521, 2527 (2010).

### V. CONCLUSION

For these reasons, the Magistrate grants Plaintiff's Motion for Attorney Fees.

**IT IS SO ORDERED**.

/s/Vernelis K. Armstrong  
United States Magistrate Judge

Date: March 19, 2013

9